Bowers v. Green.

---

JOHN BOWERS, plaintiff in error *v.* CLARK GREEN, defendant in error.

*Error to Jackson.*

A writ of error is a writ of right, and cannot be denied, except in capital cases.
A writ of error lies from the Circuit Court to the Supreme Court, although the judgment complained of be less than twenty dollars.
The case of Clark *v.* Ross, Breese 261, is overruled.
Statute penalties are in the nature of punishments; and no inferior court or jurisdiction can have cognizance of any penalty recoverable under a penal statute, unless jurisdiction be given to it in express terms.
Justices of the peace have no jurisdiction in penal actions, except in cases where such jurisdiction is expressly conferred.

THIS case was tried before the Hon. Thomas C. Browne, at the October Term, 1832, of the Circuit Court of Jackson County.

S. BREESE and A. COWLES, for the plaintiff in error.

D. J. BAKER and A. P. FIELD, for the defendant in error.

LOCKWOOD, Justice, delivered the opinion of the Court:
Green sued Bowers before a justice of the peace to recover the penalty of $5 inflicted by the 14th section(1) of the "*Act regulating Mills and Millers*," passed 9th February, 1827, for taking more toll than is allowed by the 11th section of said act.

Green recovered before the justice, and the cause was removed by appeal to the Circuit Court of Jackson county, where the judgment of the justice was affirmed for $5. To reverse this judgment, the cause is brought into this Court by writ of error.

A preliminary objection has been raised, whether a writ of error will lie in a case where the recovery is under $20, exclusive of costs; and to support this objection, the case of Clark *v.* Ross,(2) has been cited. If the decision of that case was correctly made, then the objection is well founded, and this cause ought to be dismissed for want of jurisdiction in this Court. The maxim, *Stare decisis,* is one of great importance in the administration of justice, and ought not to be departed from for slight or trivial causes; yet this rule has never been carried so far as to preclude

(1) R. L. 452; Gale's Stat. 464.　　　　(2) Breese, 261.

courts from investigating former decisions, when the question has not undergone repeated examination, and become well settled. Wherever the construction of a statute has been repeatedly given in the same way, or where a construction has been given and acquiesced in for a number of years, it would be manifestly improper for a court to disturb questions thus settled. But the cause of Clark *v.* Ross, is the only case in which this Court have been called on to settle the right of parties to bring writs of error to this Court, and that decision has not, it is understood by the Court, given satisfaction to the bar.

Under these circumstances, I think it the duty of this Court to revise that decision. That decision is based upon the idea that writs of error are in their nature appeals, because the Constitution only gives this Court appellate jurisdiction, except in certain cases, and the legislature, by limiting appeals to cases where the judgment, exclusive of costs, should amount to $20, had used the word "appeals" in its broadest constitutional sense, and thereby included writs of error. Were the Court right in giving this construction to the word "appeals?" At common law, the only mode of removing a cause from an inferior court of record, to a superior court for reversal, was by writ of error, and this writ was a writ of right, which could not be denied except in capital cases. To obtain a writ of error, it is necessary to apply to the clerk of the Supreme Court, and then it does not operate as a stay of execution, unless an order is obtained from a Judge, for that purpose. From this statement, it is obvious that considerable delay would intervene before a writ of error could be obtained; and in the meantime an execution could be issued on the judgment, and a party, against whom an erroneous judgment had been given, might be put to considerable trouble and expense.

To remedy this evil, it is fairly presumable that the legislature gave the additional remedy by appeal. By taking an appeal, which is done when the judgment is rendered, the effect of the judgment is entirely suspended until the appeal is decided. From this view of the subject, I am satisfied that the legislature, in authorizing parties to take "appeals," used that term as descriptive of the mode, and only intended to give a more expeditious and less expensive means of taking a cause from an inferior to a superior court. An appeal ought therefore to be considered as a cumulative remedy, and consequently any restriction upon the right to use the remedy, cannot with propriety be extended to other modes of redress provided by law. This construction is fortified by the consideration, that, by an act passed January 19th, 1829, entitled *"An act regulating the Supreme and Circuit Courts,"*(1) which act seems not to have been noticed by

(1) R. L. 149; Gale's Stat. 169.

the Court in the former case, the remedy by appeal and error, are noticed as different modes of bringing causes into this Court.

Another consideration is entitled to great weight in arriving at a correct result on this question; and that is, that much injustice must necessarily result from the decision in Clark v. Ross, if adhered to. Many cases might be stated, where a party would be entirely deprived of redress, where manifest injustice has been done in the Court below. I will only state one case to illustrate the great impropriety of sustaining the decision of Clark v. Ross. A brings an action on a note for $1,000, and the Court below, by an erroneous decision, reduces the debt under $20; or by such wrong decision, a verdict is given for the defendant. Now, if the case of Clark v. Ross is to be deemed law, A, in the supposed case, would be entirely without remedy. Can it be supposed that the legislature intended any such injustice? And ought this Court to sustain a decision, unless compelled by express legislative enactment, which will produce such results? The old and salutary rule of the common law, that a writ of error is a writ of right, and cannot be denied, except in capital cases, ought not to be abolished by implication and construction, and particularly where it is evident that the legislature could not have contemplated its repeal. We are therefore clearly of opinion, that the case of Clark v. Ross ought to be overruled.

Having disposed of this preliminary question, I come to the assignment of errors in this cause. The first assignment is that a justice of the peace had no jurisdiction of the subject matter of this suit. The statute giving the penalty, authorizes the party injured to sue for the penalty, in any court having cognizance thereof. The question here arises, have justices of the peace any jurisdiction over penal actions. By a careful examination of the several cases enumerated in the general act giving justices of the peace jurisdiction, I am satisfied the legislature only intended— and such is the obvious import of the act—to confine their jurisdiction to actions arising on contract. An action of debt for a penalty inflicted by statute, can in no sense be considered as an express or even an implied contract. Statute penalties are in the nature of punishments, and persons who incur their liabilities, are considered as *tort feasors.*(1)

In relation to what courts have cognizance of penal actions, the following rule is laid down in Espinasse on Penal Statutes, to wit: "With respect, however, to statutes giving jurisdiction, a difference must be observed as to the superior and inferior courts. *The courts above may have jurisdiction by implication,* as in the cases of penal statutes mentioned before, such as Rex v. Mallard ante fol. 9, prohibiting any matter of public concern under a penalty, but without appropriating it, and which is a debt

(1) Coles v. Madison Co., Breese 115.

due to the crown and recoverable in the Court of Exchequer. That might be sued for in the courts above, though they are not named:—*but no inferior court or jurisdiction can have cognizance of any penalty recoverable under a penal statute by implication.* They must be expressly mentioned in the statutes themselves, and cognizance given to them in express terms." Jurisdiction not having been given expressly to justices of the peace, we are of opinion that the justice in this case had no jurisdiction, and the judgment of the Circuit Court, for this reason, must be reversed with costs. Other errors have been assigned and argued, but the Court not being entirely satisfied relative to them, give no opinion.

*Judgment reversed.*